**E-FILED**
Thursday, 25 May, 2006  02:00:10 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **KYLE HENDERSHOTT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **No. 06-2006** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## <u>OPINION</u>

On January 17, 2006, Petitioner Kyle Hendershott filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1). The United States of America submitted a Response (#3) on February 16, 2006. For the following reasons, Petitioner's motion is DENIED.

### Background

On September 5, 2003, Petitioner was charged by indictment with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On January 14, 2004, following a jury trial, Petitioner was found guilty of the charge. On April 23, 2004, this Court sentenced Petitioner to a term of one hundred twenty months' imprisonment. On May 3, 2004, Petitioner filed a notice of appeal. Petitioner argued on appeal that his sentence violated his Sixth Amendment rights. On May 11, 2005, the United States Court of Appeals for the Seventh Circuit affirmed Petitioner's conviction and sentence. On January 17, 2006, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts habeas relief should be granted based upon ineffective assistance of counsel at trial and on appeal.

### Analysis

28 U.S.C. § 2255 provides habeas relief if the court finds "the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack." 28 U.S.C. § 2255.  The Seventh Circuit has stated,

"[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." Prewitt v.

U.S., 83 F.3d 812, 816 (7th Cir. 1996).[1]

Petitioner asserts that his § 2255 motion should be granted due to ineffective assistance of

counsel.  Specifically, Petitioner argues his counsel[2] failed to "discuss things" with the prosecution

prior to trial and failed to adequately consult with him regarding his appeal.  The standard for

judging attorney conduct under claims of ineffective assistance of counsel is clear; Petitioner must

show that counsel's representation fell below an objective standard of reasonableness and that his

counsel's poor performance prejudiced the outcome of the proceedings. Strickland v. Washington,

466 U.S. 668, 687-88 (1984).  Petitioner makes no showing that his counsel's representation fell

below the objective standard of reasonableness and the record reflects competent advocacy on his

counsel's part.  With regard to his claim that his counsel failed to discuss "things" with the

---

[1] This court notes Petitioner has filed a Motion for Appointment of Counsel (#2). Appointment of counsel in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary of circumstances. Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). See also 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). For the reasons set forth below, this court finds that the issues presented in this matter do not mandate the appointment of counsel. Accordingly, the motion for appointment of counsel is denied.

[2] Michael Jeneary represented Petitioner both at trial and was appointed to represent Petitioner on appeal.

prosecution, Petitioner fails to specify what these topics entailed.  Further, Petitioner has failed to

allege he suffered any prejudice as a result of his counsel's failure to discuss these "things."  The

Seventh Circuit has unambiguously stated, "[a] petition under 2255 must set forth facts as

distinguished from mere conclusion" and, "a petitioner's allegation supported only by his own

assertions are not sufficient." U.S. v. Mathison, 256 F.2d 803, 805 (7th Cir. 1958).  As Petitioner

has provided nothing more than unsupported allegations and conclusory claims, his ineffective

assistance of counsel claim must fail.

For this same reason, Petitioner's claim regarding ineffective assistance of counsel on appeal

must fail.  To demonstrate prejudice on a claim of ineffective assistance of appellate counsel,

Petitioner must demonstrate that appellate counsel "fail[ed] to raise an issue that 'may have resulted

in a reversal of the conviction, or an order for a new trial." Winters v. Miller, 274 F.3d 1161, 1167

(7th Cir. 2001), quoting Mason v. Hanks, 97 F.3d 887, 892 (7th Cir. 1996).   Petitioner does not

indicate he wished appellate counsel to raise claims in his appeal which were not raised or of what

those claims might consist.  Accordingly, his motion pursuant to § 2255 must be denied.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion for Appointment of Counsel (#2) is DENIED.

(2) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(3) This case is terminated.

ENTERED this 25th day of May, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE